UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE L. YOUNG,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>E. GONZALEZ-VAZQUEZ, *et al.*,<br><br>　　　　　　Defendants. | Case No.  2:25-cv-2747-TLN-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff has filed a complaint, ECF No. 1, and a request to proceed *in forma pauperis* ("IFP"), ECF No. 2.  However, plaintiff is a "Three-Striker" within the meaning of 28 U.S.C. § 1915(g).  *See Young v. Ehler*, Case No. 2:24-cv-0361-DJC-AC (E.D. Cal. Feb. 7, 2024) (recognizing plaintiff as a "three-striker" within in the meaning of 28 U.S.C. § 1915(g)).

　　　　The following cases constitute some of plaintiff's strikes: 1. *Young v. McCargar*, No. 2:00-cv-2393-GEB-DAD (E.D. Cal.) (complaint dismissed on August 13, 2002, for failure to state a claim); 2. *Young v. Bowen*, No. 2:01-cv-6368-DSF-MLG (C.D. Cal.) (second amended complaint dismissed on July 12, 2007, for failure to state a claim); and 3. *Young v. Edwards*, No. 2:02-cv-2289-AS-MLG (C.D. Cal.) (complaint dismissed on May 1, 2002, for failure to state a claim).

　　　　A "three-striker" plaintiff may be afforded an opportunity to proceed *in forma pauperis* under section 1915(g) if he alleges that he was in imminent danger at the time he filed the

1

complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). The court must determine if the potential harm amounts to "serious physical injury" and whether the threat is "imminent." *Cervantes*, 493 F.3d at 1055-56. A prisoner fails to meet the exception where claims of imminent danger are conclusory. *Id.* at 1057 n.11. Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm or generalized fears of potential harm. *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Plaintiff alleges that on June 4, 2025, he notified defendant correctional officers E. Gonzalez-Vazquez and L. Gonzalez that his sink had stopped working. ECF No. 1 at 4. Gonzalez-Vazquez put in a work order, but plaintiff claims that the request went unanswered. *Id.* Gonzalez-Vazquez and Gonzalez told plaintiff that he would have an opportunity to take this issue up with a sergeant on the yard. *Id.* The lack of response by Gonzalez-Vazquez and Gonzalez caused plaintiff to become suicidal. *Id.* at 5. Plaintiff completely blocked out the window of his cell and swallowed two metal paperclips. *Id.* at 5-7. He claims that Gonzalez-Vazquez and Gonzalez's failure to react to the obstruction in his cell window was racially motivated. *Id.* at 5.

Plaintiff was later seen by defendant S. Molina, a registered nurse, who told plaintiff that the paperclips would pass in his stool, and who took no action to remove the paperclips. *Id.* at 9. Molina also incorrectly told the doctor that plaintiff had ingested wires instead of paperclips. *Id.* Plaintiff claims that that misrepresentation constituted deliberate indifference. *Id.*

Plaintiff's allegations are insufficient to show that he faced imminent danger of physical injury at the time he filed the complaint. *See Bender v. Segovia*, No. 21cv575-MMA-NLS, 2021 WL 2645910, at *2 (S.D. Cal. June 28, 2021) ("Thus, while Bender's Complaint contains multiple allegations of past harm, including several incidents of alleged suicidal ideation and self-harm while he was incarcerated at RJD, [] it does not contain any plausible allegations to suggest he faced imminent danger of serious physical injury at the time of filing."). To receive the benefit of the imminent danger exception, a prisoner must allege a danger that is "ready to take place" or

1  "hanging threateningly over one's head." *Cervantes*, 493 F.3d at 1056 (internal citations
2  omitted).  Plaintiff has not made the required showing here.  Although I do not question the
3  sincerity of plaintiff's concerns, they are insufficient to demonstrate that he was under imminent
4  danger of serious physical injury at the time of filing.  Indeed, plaintiff claims that this event
5  happened June 4, but he waited until September 24 to file this complaint.  Therefore, plaintiff's
6  application for leave to proceed *in forma pauperis* should be denied pursuant to § 1915(g).
7  Plaintiff must submit the appropriate filing fee in to proceed with this action.
8        Accordingly, it is hereby RECOMMENDED that plaintiff's application to proceed *in*
9  *forma pauperis*, ECF No. 2, be DENIED and plaintiff be directed to tender the filing fee within
10 twenty-one days of any order adopting these recommendations.
11       These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
13 service of these findings and recommendations, any party may file written objections with the
14 court and serve a copy on all parties.  Any such document should be captioned "Objections to
15 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
16 within fourteen days of service of the objections.  The parties are advised that failure to file
17 objections within the specified time may waive the right to appeal the District Court's order.  *See*
18 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
19 1991).

IT IS SO ORDERED.

Dated:  October 21, 2025

                                    JEREMY D. PETERSON
                                    UNITED STATES MAGISTRATE JUDGE