UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE L. YOUNG,

Plaintiff,

v.

E. GONZALEZ-VAZQUEZ, *et al.*,

Defendants.

Case No.  2:25-cv-2747-TLN-JDP (P)

ORDER

On February 17, 2026, plaintiff tendered the filing fee in this case.  That same day, he also filed a motion for order directing the trust account office to release his filing fee payment to the court.  ECF No. 13.  Given that he has already settled the filing fee, his motion is denied as moot. Additionally, I have screened the complaint, ECF No. 1, and found that, for the reasons stated below, it does not state a cognizable section 1983 claim.  Plaintiff may file an amended complaint that addresses the deficiencies identified herein.

Screening Order

I.    Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

Plaintiff alleges that defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care.  His claims fail, however, because they do not, taken as true, show that any defendant acted with deliberate indifference.  First, he contends that, on June 4, 2024, he obscured the window of his cell and began engaging in self-harm.  ECF No. 1 at 5. He claims that defendants E. Gonzalez-Vazquez and L. Gonzalez, both correctional officers, failed to act on his request to summon a sergeant and then failed to comply with prison policy when they did not react to his obstruction of his cell.  *Id.* at 5.  Critically, plaintiff does not allege that either defendant knew that he was engaging in self-harm or suicidal (he does not state what

2

reason he gave for requesting the sergeant or whether he gave one at all).  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1979) ("We hold instead that a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").  And a failure to follow prison policy does not, standing alone, give rise to an actionable section 1983 claim.  *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) ("[S]tate departmental regulations do not establish a federal constitutional violation.") (internal italics omitted).

Plaintiff alleges that the method of self-harm he engaged in involved swallowing two unwound paperclips.  ECF No. 1 at 9.  He claims that S. Molina, a nurse, "acted collectively" with other unnamed defendants to deny him adequate medical care.  Specifically, he claims that Molina erroneously told other providers that the paperclip material would pass in plaintiff's stool and were in the form of "wires rather than metal paperclips." *Id.*  As with the officer defendants, plaintiff's allegations do not, taken as true, show that Molina knew or should have known that these statements were erroneous.  Further, it is unclear how the distinction between "wire" and unwound paper clips is, in a medical sense, material.

Plaintiff's complaint is dismissed with leave to amend so that he may address these deficiencies.  Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal.  He is advised that an amended complaint will entirely supersede the original complaint, and it should be filed on the form included with this order and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

5.  Plaintiff's motion for order directing release of filing fee, ECF No. 13, is DENIED as moot.


IT IS SO ORDERED.


Dated:    May 6, 2026          _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE